MARY F. SHAWHAN, Executrix of the Last Will and Testament of GEORGE H. SHAWHAN, Deceased, Respondent, v. THE SHAWHAN DISTILLERY COMPANY, a Corporation, and P., G. WALTON and A. S. BUCHANAN, Receivers, Appellants.

Kansas City Court of Appeals, March 5, 1917.

1. **BILLS AND NOTES: Corporations: Estoppel.** A corporation can only issue notes, such as the one involved in this case, by authority of its Board of Directors, but where it is shown that the Board of Directors, by a course of dealing, has permitted one of its officers to sign such notes without its authority, the corporation will be estopped from denying its execution.

2. **CORPORATIONS: Instructions.** A corporation cannot buy its own stock for the reason that to permit it to do so would make it possible for the company to pay for such stock out of the capital itself or out of its other assets and thereby reduce the funds to which creditors have a right to look and therefore a note given by the company for its own stock would be void for want of valid consideration, but where the note on its face imports a valid consideration, the burden is on the defendant to show it was given for such a purpose.

3. **EVIDENCE, SPOLIATION OF: Presumption.** Where it is shown that a party has destroyed papers, records and documents that ordinarily would shed light on the transaction in dispute, the rule that all things are presumed against the spoliator will be applied with the utmost rigor and sternness, (Shawhan v. Shawhan Distillery Co., 195 Mo. App. 445).

Appeal from Jackson Circuit Court.—*Hon. Clarence A. Burney,* Judge.

AFFIRMED.

*Warner, Dean, McLeod & Langworthy,* for appellants.

*George W. Day* and *U. S. Weary* for respondent.

BLAND, J.—Plaintiff, as executrix of the last will and testament of George H. Shawhan, deceased, began this suit on the 25th day of August, 1914, against defendant, The Shawhan Distillery Company, upon a promissory note dated January 21, 1912, due thirty (30) months after date, for five thousand ($5000) dollars, with interest from date, payable to the order of said George H. Shawhan. After the filing of said suit the defendants, receivers herein, applied to be made parties defendant to the cause, and they were so made and filed their joint answer to plaintiff's petition. This case is a companion of the case of Mary H. Shawhan, Executrix of the Last Will and Testament of George H. Shawhan, Deceased, Respondent, v. The Shawhan Distillery Company, a Corporation, Appellant, No. 11802, decided at the March, 1916, term of this court, but not yet reported.

The note sued on in the case at bar is a companion note to the one in controversy in said other cause, and is the note that was mentioned in the opinion in said other cause as the other note executed by defendant, The Shawhan Distillery Company, on January 31, 1912, and delivered to George H. Shawhan. These two notes were collateral form notes, each reciting the pledge of fifty (50) shares of Shawhan stock.

The evidence in the case at bar on the question of the validity and sufficiency of the note sued on is substantially the same as that in said other case, and as we have thoroughly considered said other cause, both before the filing of the motion for a rehearing therein and after the filing of said motion, and have ruled this point against the appellants therein, we are not disposed to change our former ruling, and, consequently, this point will be ruled also against the appellants in this case.

The pleadings in this case differ somewhat from those in said other cause in that in the case at bar the execution of the note was denied under oath, defendants thereby raising the question as to whether the secretary and treasurer of defendant corporation was author-

ized to execute the note in question. The circumstances in this case also differ from those in the other case in that the receivers of the defendant corporation were made parties in this cause. In the former case the plaintiff introduced the note in evidence and rested. In this case the plaintiff could not do this because the authority of the secretary and treasurer of the company to execute the note was put in issue by the answers, and as most of the records of defendant corporation that would ordinarily shed light on a transaction of this kind had been lost, destroyed or misplaced so that plaintiff could not introduce them in evidence, she was compelled to put upon the stand as her witness the secretary and treasurer of the defendant company in order to prove the execution of the note on its part. In the examination in chief of this officer plaintiff made no effort to prove anything other than the execution of said note, but the witness having been placed upon the stand by plaintiff, the defendants had a right to cross-examine him, and in said cross-examination a great deal of evidence that was brought out ''in defense'' in the other cause was brought out by such cross-examination in this cause.

However, we do not believe that in this respect a difference was made in the two cases. This court held in the other cause that the note imported a consideration upon its face, and that the evidence introduced by the defendant in that case was not sufficient as a matter of law to overturn the case made by plaintiff when she introduced the note and rested. In the case at bar, even though some of defendants' defense was brought out by cross-examination of plaintiff's witness, the jury had a right to disbelieve, if they so desired, the evidence of the witness as given on such cross-examination, and as they having found for the plaintiff, it is apparent that they did disbelieve such evidence.

Defendants make the point that there was not sufficient evidence adduced on the part of plaintiff to prove the execution of the note sued on in this case. It is admitted that the defendant could only issue notes,

such as the one sued upon in this case, by authority of the Board of Directors.    However, it may be shown that the corporation was estopped from denying the execution of such a note if a course of dealing is shown whereby the Board of Directors has permitted one of its officers, such as its secretary and treasurer, to sign such notes without the authority of the Board of Directors.    In this case, as has already appeared, most of the books of the company were destroyed.  The pages of the bills payable book, previous to January 31, 1912, the day of the execution of the note in suit, were cut out by defendants' secretary and treasurer; the record book of the corporation and the minutes of its Board of Directors had several pages cut out and the by-laws were not to be found.    The rule that all things are presumed against the spoliator has always been applied with its utmost rigor and sternness.    [Shawhan v. Shawhan Distillery Co., supra; Pomeroy v. Benton, 77 Mo. 64.]

Plaintiff sought to prove a course of dealing on the part of the defendant corporation permitting its secretary and treasurer to sign notes, and it is admitted that execution of the note sued on in this case must be proven, if at all, by such a course of dealing.    Defendants claim that there was not sufficient proof of such a course.    On this point the evidence was that prior to 1908 the secretary and treasurer of defendant corporation, without the consent of the Board of Directors, issued a great many notes given to borrow money; that such notes were thereafter paid by the corporation.    As most of the records of the corporation were gone, together with a great many paid and cancelled notes of the defendant corporation issued and paid prior to 1912, which were in court at the trial of the former cause, but which defendant corporation's secretary and treasurer claimed had been misplaced since the trial of said cause, plaintiff did not have advantage of any information that such books and papers may have been to her, if any.

Plaintiff did show that at the time of the execution of the note sued on that three other collateral notes, and on January 30, 1909 a note for over twenty thousand ($20,000) dollars, were issued by the secretary and treasurer of the defendant corporation without any action on the part of the Board of Directors, all of which were paid by defendant corporation.

We believe that under all the circumstances plaintiff showed a sufficient course of dealing on the part of defendant corporation to authorize its secretary and treasurer to sign the note sued on in this case (Sanders v. Chartrand, 158 Mo. 352), and plaintiff having proven the execution of the instrument, the same upon its face imported a consideration.

Appellants further complain of instruction No. 1, given on behalf of plaintiff, the material parts of which are as follows:

"You are instructed that if you believe from the evidence in this case that the note sued on in this action was not executed by the secretary and treasurer of the defendant company in an attempt to purchase stock in defendant Distillery Company owned by George H. Shawhan nor in satisfaction of the obligation of F. P. Garcelon to purchase such stock from said Shawhan, and you further believe from the evidence that, before the execution of the note sued on, it had been the habitual custom and practice of the secretary and treasurer of the defendant, to execute promissory notes for and in behalf of the defendant for loans made to defendant, and if you believe from the evidence that the defendant has paid or acknowledged the notes so executed by said secretary and treasurer (if any), and that George H. Shawhan was thereby induced to believe that the defendant's secretary and treasurer had authority to execute said promissory notes, then you may find that George E. Paul, the secretary and treasurer of said defendant on January 31, 1912, had authority to execute the note sued on in this action:"

The first point made against this instruction is that it allows the jury to find that if it was the practice and

custom for the secretary and treasurer of the defendant corporation to execute promissory notes, etc., then that they may find that such secretary and treasurer *had authority* to execute the note sued on in this action, and that it tells the jury that it may find, because the secretary and treasurer was in the habit of executing notes *for loans,* that "he had authority to execute the *note sued on in this action."*

The point is made that the evidence was not such that the court could declare, as a matter of law, that defendants were estopped to deny the authority of the secretary and treasurer, and it is not shown that the note sued on had been given for a loan.

We do not believe that in this instruction the court told the jury that defendants, as a matter of law, were estopped to deny the execution of the note sued on. The instruction uses the words "may find" not "shall find." The instruction sets out all the elements of estoppel and if it had not said to the jury that they might find the secretary and treasurer "had authority," but had said that the jury might find that the defendants were estopped to deny the secretary's authority, the instruction would have been drawn along technical lines. However, so far as the jury is concerned, they being laymen, the words actually used could have had no other significance to them than the technical language would have had, had it been used.

Aside from this, there was no attempt made by defendants to show that the secretary and treasurer did not sign the various notes that plaintiff proved were signed, nor was there any such attempt made to show that the corporation did not pay the various notes that its secretary so signed, and which plaintiff proved were paid by it. We believe that the court would have been justified, under the circumstances of this case, when giving this instruction, if he had assumed, as a matter of law, that the defendant corporation, by its conduct and course of dealing, had authorized the secretary and treasurer to sign the note sued on.

195 M. A.—32

We think it immaterial whether the note sued on was a note for a loan or not. The evidence introduced showing the course of conduct on the part of the secretary and treasurer was for the purpose of showing that he had authority to sign notes of the defendant company, and it having been proven to the satisfaction of the jury that he did have such authority, it was immaterial whether the note sued on was for loan or for any other debt that such a corporation usually incurs, and the jury was required to find that the note sued on was not given to buy defendants' stock or to pay a private debt of Garcelon before they could find that the execution of the note was authorized by the corporation.

The further point is made against the instruction that plaintiff did not file any reply setting up a plea of estoppel or ratification as against the receivers, and that the receivers denied the execution of the note under oath, and that they had the right to repudiate the note on behalf of creditors, even though the corporation itself might have been bound. It will be borne in mind that the jury found in favor of the receivers.

We are not greatly impressed with appellants' suggestion that the receivers in defending this suit had any rights superior to the defendant corporation. [High on Receivers (4 Ed.), page 387.] But, aside from this, as we have already said, the instruction requires the jury first to find that the note sued on was not given in an attempt to purchase its own stock by defendant corporation, or to pay the private debt of Garcelon, before they could find that the secretary and treasurer had authority to issue the note sued on, and the jury having found that the note sued on was not given in an attempt by the defendant corporation to purchase its own stock or for the private debt of Garcelon, then the receivers, even if their rights were superior to those of the defendant corporation, cannot complain. This is obvious because these constituted the only defense made by the receivers going to the lack of a consideration for the note.

Appellants complain of the refusal of an instruction requested by them, marked E. This instruction was based upon the defense that the note sued on was given by defendant corporation either for and in payment of a purchase by it of its own stock, or to pay a private debt of Garcelon. This defense was amply covered by other instructions offered by the defendants and given by the court. This instruction was offered by the receivers, and as the matter contained therein was covered by other instructions given, the receivers cannot now complain, especially as the jury found for them.

Defendants further complain of the giving of instruction No. 2 on the part of plaintiff. The complaint made against this instruction is that it permitted the jury to find from the evidence in this case that the note sued on was given for a loan *of money,* and that there was no evidence in the record that the note was given for a loan *of money.* We fail to see any merit in this contention. The note sued on was given for some kind of a debt and it would make no difference, as far as plaintiff's right to recover is concerned, whether the loan was made *for money* or for some other legitimate purpose, and as the instruction required the jury to find also that the note was not given for the purchase by defendant of its own stock, or to pay the private debt of Garcelon, the plaintiff assumed an unnecessary burden by requiring the jury to find that the note was given for a loan *of money.*

Appellants complain that the court committed error in excluding testimony offered by them tending to show that if defendants had to pay the five thousand ($5000) dollar note sued on, that the assets of defendant corporation would be so impaired that all of its creditors could not be paid. It is admitted that this corporation could not buy its own stock. This rule is founded upon the proposition, among others, that to permit a corporation to buy its own stock would make it possible for the company to pay for such stock out of the capital itself, or out of its other assets, and thereby reduce the funds to which the creditors have

a right to look. The defendants in the court below were fully aware of this rule of law for they asked and received instructions at the hand of the court on the proposition that if the defendant corporation gave the note in suit for its own stock, plaintiff could not recover. It would have added nothing to their case to have permitted them to prove that which was offered by them and ruled out by the court. On the other hand, it would have tended in a serious way to confuse the jury as to the issues of the case. Aside from this, whether or not defendants would have, in any event, sufficient assets to pay its creditors, we cannot see how plaintiff's right to recover could be affected by proof thereof.

The judgment is affirmed. All concur.